UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TUTOR TIME LEARNING CENTERS, LLC, )<br>Plaintiff )<br>)<br>vs. )<br>)<br>LARZAK, INC., DARCY GRIFFIN, )<br>and RICHARD GRIFFIN, )<br>Defendants )<br>****************************************<br>LARZAK, INC., )<br>Counter-Plaintiff )<br>)<br>vs. )<br>)<br>TUTOR TIME LEARNING CENTERS, )<br>LLC, )<br>Counter-Defendant ) | CAUSE NO. 3:05-CV-322 RM |

OPINION and ORDER

This cause is before the court on the motion of counter-defendant Tutor Time Learning Centers ("Tutor Time") for partial summary judgment on the counterclaim of Larzak, Inc. Tutor Time argues that the conduct giving rise to the counterclaim occurred before July 19, 2002, when Tutor Time purchased the assets of Tutor Time Child Care Systems ("Child Care Systems") through a bankruptcy sale, which extinguished any claims relating to the conduct of Child Care Systems.

The basic facts of this case aren't in dispute. Richard and Darcy Griffin entered into a franchise agreement with Child Care Systems in 1994

to operate a child care learning center in Schererville, Indiana. The Griffins also entered into a software licensing agreement, pursuant to which Child Care Systems was to provide certain software programs, and a site development agreement, under which Child Care Systems agreed to locate and assist in developing a site for the child care center. In 1996, the Griffins assigned their interests under the agreement to Larzak.

Child Care Systems filed for bankruptcy in May 2002, and Tutor Time purchased the assets of Child Care Systems through a bankruptcy sale. The bankruptcy court's order authorizing the sale provided that

> Upon the Closing, the Acquired Assets transferred, sold and delivered to the Purchaser shall be free and clear of all encumbrances, obligations, liabilities, contractual commitments, claims, including, without limitation, any theory of successor liability, <u>de facto</u> merger, or substantial continuity, whether based in law or equity, employee benefit obligations (including, without limitation, under the Employee Retirement Income Security Act, the Comprehensive Omnibus Budget Reconciliation Act, CERCLA and all other Environmental Laws), any security interest, mortgage, lien, charge against or interest in property, adverse claim, claim of possession, right of way, license, easement or restriction of any kind, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership or any option to purchase, option, charge, retention agreement which is intended as security or other matters . . . of any person or entity that encumber or relate to or purport to encumber or related to the Acquired Assets.

July 5, 2002 Bankr. Ord. (Exh. A to Answer to Amd. Countercl., Exh. A), pp.13-14.

On May 27, 2005, Tutor Time filed a complaint against Larzak, Darcy Griffin, and Richard Griffin, claiming they used confidential client lists and continued to operate a child care center in the same location after the expiration of the franchise agreement in violation of their covenant not to compete. Larzak filed a counterclaim, alleging Tutor Time breached the franchise agreement, the software license agreement, and the site development agreement and violated Indiana's Deceptive Franchise Practice Act, specifically IND. CODE § 23-2-2.7-2(1)(i) (prohibiting franchisors from coercing franchisees to "order or accept delivery of any goods, supplies, inventories, or services which are neither necessary to the operation of the franchise, required by the franchise agreement, required by law, nor voluntarily ordered by the franchisee").

Tutor Time has moved for partial summary judgment on Larzak's counterclaim, arguing that most of the conduct complained of in the amended counterclaim is barred because that conduct occurred prior to the order of the Florida bankruptcy court authorizing the sale of Child Care Systems' assets to Tutor Time, free and clear of liens. Larzak acknowledges in its summary judgment response that the bankruptcy sale extinguished some of its claims, specifically those arising out of conduct that occurred prior to the July 19, 2002 sale, and judgment on those portions of the counterclaim is proper.

Accordingly, by agreement of the parties, the partial summary judgment motion of counter-defendant Tutor Time Learning Centers, LLC [docket # 41] is GRANTED as to the following portions of Larzak's amended counterclaim:

(1) Paragraph 13.

(2) Paragraph 14.

(3) The allegation of Paragraph 15 that "Darcy and Richard Griffin paid a one-time fee of $550.00 for software installation."

(4) The allegation of Paragraph 16 that "Darcy and Richard Griffin failed to receive certain portions of the software package, including Print Shop Deluxe for Windows and INSTA-SITTER Parents Access and Management Programs."

(5) Paragraph 17.

(6) Paragraph 18.

(7) Paragraph 20(a).

(8) the portions of Paragraph 20(b) that allege that "Electronic swipe cards furnished by Tutor Time/Tutor Time Child Care Systems were defective, causing them to be inoperable. Despite repeated requests, Tutor Time failed to timely furnish replacements, causing further disruption of business."

(9) Paragraphs 21(e), (f), and (g).

(10) The allegations of Paragraph 22 that "In response to an inquiry from its District Manager, Tutor Time, through Darcy Griffin, completed a questionnaire in December, 2000, which set out and detailed several of these problems, including Tutor Time's failure to provide assistance and lend support in a crisis situation which was experienced."

(11) Paragraph 23.

(12) The allegations of Paragraph 28 as they relate to actions of Tutor Time Child Care Services prior to July 19, 2002.

(13) The allegations of Paragraph 29 that relate to the actions of Tutor Time Child Care Center prior to July 19, 2002.

The remaining portions of the amended counterclaim continue to be at issue in this case.

SO ORDERED.

ENTERED:   November 17, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court